**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JESSICA LYNNE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDATION TITLE LLC, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-11409 (KMW-EAP)<br><br>**OPINION** |

APPEARANCES:

JESSICA LYNNE DAVIS,
30 NORTH 2ND STREET
PLEASANTVILLE, NJ 08232

    *Pro Se Plaintiff*

MICHAEL R. O'DONNELL, ESQ.
RIKER DANZIG LLP
ONE SPEEDWELL AVENUE
MORRISTOWN, NJ 07962

    *Counsel for Defendant Foundation Title LLC*

HUGH A. KEFFER, ESQ.
FIDELITY NATIONAL LAW GROUP
103 EISENHOWER PARKWAY, SUITE 213
ROSELAND, NJ 07068

    *Counsel for Defendant Fidelity National Title Insurance Company*

DAVID B. GRANTZ, ESQ.
MATTHEW PATRICK DOLAN, ESQ.
MEYNER & LANDIS
ONE GATEWAY CENTER, SUITE 2500
NEWARK, NJ 07102

    *Counsel for Defendant FDIC as Receiver for Republic First Bank*

WALTER JOHN BUZZETTA, ESQ.
STRADLEY RONON STEVENS & YOUNG

457 HADDONFIELD ROAD, SUITE 100
CHERRY HILL, NJ 08002

    *Counsel for Defendants Cenlar FSB and New Jersey Housing & Mortgage Finance Agency*

CHRISTIAN M. SCHEUERMAN, ESQ.
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
535 ROUTE 38 EAST, SUITE 501
CHERRY HILL, NJ 08002

    *Counsel for Defendant Keller Williams Jersey Shore*

RUSSELL L. LICHTENSTEIN, ESQ.
COOPER, LEENSON, PA
1125 ATLANTIC AVENUE, THIRD FLOOR
ATLANTIC CITY, NJ 08401

    *Counsel for Defendant Balsley Losco Real Estate*

DOUGLAS W. JONES, JR., ESQ.
52 BEACON DRIVE, P.O. BOX 204
WARETOWN, NJ 08758

    *Counsel for Defendant Volkmann Management, LLC*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Pro se Plaintiff Jessica Lynne Davis, ("Plaintiff"), filed a complaint in the New Jersey Superior Court in Atlantic County asserting multiple claims arising from a real estate transaction between Plaintiff and Defendant Volkmann Management, LLC in January of 2022.

On December 24, 2024, Defendant Federal Deposit Insurance Corporation as Receiver for Republic First Bank, ("Defendant FDIC"), removed this matter to federal court, (ECF No. 1). That same day, Defendant FDIC filed a Motion to Stay before this Court, (ECF No. 5). On January 10, 2025, Defendant Keller Williams Jersey Shore, ("Defendant Keller"), filed an Opposition, (ECF No. 9). Defendant FDIC did not reply. For the reasons that follow, this matter is **REMANDED** to the Superior Court of New Jersey, Atlantic County, and Defendant FDIC's Motion to Stay is **DENIED AS MOOT**.

## II. BACKGROUND

On March 5, 2024, Plaintiff filed a complaint against Republic First Bank and other defendants in the Superior Court of New Jersey asserting several claims, including violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq. See* Notice of Removal ¶¶ 3, 5. On April 26, 2024, the Pennsylvania Department of Banking and Securities closed Republic First Bank and appointed Defendant FDIC as Receiver to wind up the bank's affairs pursuant to 12 U.S.C. § 1821(d)(2)(A)(i). *Id.* ¶ 1. Defendant FDIC asserts that Republic First Bank was not properly served, and thus was not aware of the state court matter until November 2024. *Id.* ¶¶ 4, 12.

According to the state court docket for *Davis v. Foundation Title*, No. ATL L 000561-24, by August 3, 2024, a Lack of Prosecution Dismissal Warning was issued. *Id.* at LCV20241927826. The Lack of Prosecution Dismissal Warning stated that on October 1, 2024,

3

the court would dismiss the matter due to lack of prosecution without prejudice pursuant to Rule 1:13-7 or Rule 4:43-2 unless action required under the rules is taken. *Id.* at LCV20241927826. On October 4, 2024, Plaintiff filed an Amended Complaint, but on that same date, the court issued an order dismissing the case due to lack of prosecution.[1] *Id.* at LCV20242560368, LCV20242568520; *see also* Not. of Removal ¶¶ 6-7. The dismissal order states, "[i]t is hereby ordered that under Rules 1:13-7 or 4:43-2, the above matter has been dismissed without prejudice for lack of prosecution. This Order closes [the] file. . . . A formal notice of motion is now required to restore this case to an active trial status." *Id.* at LCV20242568520. On October 24, 2024, Plaintiff filed a Motion to Reinstate the Case. *Id.* at LCV20242801741.

On December 4, 2024, the court issued a Case Management Conference Order, which ordered, among other things, that Plaintiff's Motion to Reinstate was to be "carried" until January 17, 2025. *Id.* at LCV20242568520; *see also* Not. of Removal ¶ 9. On December 23, 2024, Defendant FDIC filed its notice of appearance and subsequently filed a Notice of Removal to this Court on the basis of the Financial Institution Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1819, *et seq.*, which provides that the FDIC may remove any action from a state court to the appropriate federal district court within 90 days of the action being filed or when the FDIC is substituted as a party. *Id.* at LCV20243269868, LCV20243271987; *see also* Not. of Removal ¶ 14-15.

On December 24, 2024, Defendant FDIC filed a Motion to Stay Judicial Proceedings in the instant case. Mot. to Stay, (ECF No. 5). Thereafter, on January 10, 2025, Defendant Keller Williams Jersey Shore filed a Motion in Opposition to Defendant FDIC's Motion to Stay, asserting

---

[1] The Court notes that the entry on the record for the order of dismissal is October 5, 2024, however the order itself is dated October 4, 2024. *See id.* at LCV20242568520.

4

that the matter was improperly removed from state court. Opp., (ECF No. 9). Defendant FDIC did not reply. Thus, the Motion to Stay is ripe for adjudication.

### III. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where a case arises either under federal law or where it involves a dispute between citizens of different states over a threshold sum. *See id.* §§ 1331, 1332. In this case, Defendant FDIC asserts that the matter arises pursuant to 12 U.S.C. § 1819(b)(2)(B), which states that the FDIC is permitted to "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B).

In addition, procedural issues may impact a federal court's subject matter jurisdiction despite the presence of a statutory basis for jurisdiction. Federal district courts are courts of limited jurisdiction and when subject matter jurisdictional issues arise, they are obligated to address such issues sua sponte at any stage of the litigation. *See Castano v. Signature Flight Support LLC*, No. 22-2277, 2022 WL 17070123, at *2 (D.N.J. Oct. 27, 2022). When "it appears that the district court lacks subject matter jurisdiction" over a removed case, the Court must remand the matter. 28 U.S.C. § 1447(c). In all cases, the burden falls on the removing party to demonstrate that its removal of the action was proper. *See New Jersey v. DiPietro*, No. 23-5258, 2024 WL 4164225 at *2 (D.N.J. Sept. 12, 2024). Consistent with that burden, the removal statute must be "strictly construed" against the defendant and "all doubts should be resolved in favor of remand." *A.S. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014).

5

## IV. DISCUSSION

### A. Removal

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court, where a district court would have original jurisdiction, may be removed by the defendant "embracing the place where such an action is pending." 28 U.S.C. § 1441(a). An action is "pending" where there is an existing "case or controversy" that would have originally garnered federal subject matter jurisdiction. *See Smith v. Toyota Motor Sales, U.S.A. Corp.*, No. 06-2788, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007) (citations omitted). Thus, a federal district court cannot exercise jurisdiction over a presently dismissed case removed from state court. *Id.*; *see J.P.Morgan Chase Bank v. Farah*, No. 16-3056, 2016 WL 8674607, at *2 (D.N.J. Dec. 16, 2016) (finding removal improper and remanding case to state court when the plaintiff's motion to reinstate was still pending at the time of removal); *Castano*, 2022 WL 17070123, at *3 (finding removal improper when "the case was never reopened in state court[.]"). Therefore, this Court must review the state court docket in this matter to determine whether there was "a case or controversy" present upon removal. *See Smith*, 2007 WL 1585157, at *3.

Here, in the underlying case, the state court entered a dismissal order for lack of prosecution on October 4, 2024. *Davis v. Foundation Title*, No. ATL L 000561-24, Lack of Prosecution Dismissal Ord., at LCV20242568520. The order states that "[a] formal notice of motion is now required to restore this case to active trial status." *Id.* It appears that Defendant FDIC believes that the October 24, 2024 filing of the motion to reinstate satisfied that order and returned the case to active status. *See* Not. of Removal. However, pursuant to N.J. Court Rule 1:13-7(a), a civil case dismissed for lack of prosecution may only be reinstated through a consent order or motion to reinstate "on good cause shown" if filed within 90 days of the order of dismissal. N.J. Ct. R.

6

1:13-7(a). Determining "good cause . . . requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." *Ghandi v. Cespedes*, 390 N.J. Super. 193, 196 (N.J. Super. Ct. App. Div. 2007) (quoting *Del. Valley Wholesale Florist, Inc. v. Addalia*, 349 N.J. Super. 228, 323 (N.J. Super. Ct. App. Div. 2002)). While the Court acknowledges that the plain meaning of the order would suggest that filing a notice of motion may suffice to reinstate the case, case law demonstrates otherwise. *See Williams v. Nunn*, No. A-0338-08T3, 2009 WL 3078661 at *3-4 (N.J. Super. Ct. App. Div. Sept. 28, 2009) (affirming the dismissal of pro se plaintiff's case due to non-prosecution for failure to demonstrate good cause for reinstatement); *see also Dae Sun Yoon v. Fletcher & West Assocs., LLC*, No. A-0988-23, 2025 WL 428377 at *5 n.5 (N.J. Super. Ct. App. Div. Feb. 7, 2025) (collecting cases where, after review for good cause, the state court found it appropriate to reinstate a complaint despite fairly significant delays). Because Rule 1:13-7 requires a finding of "good cause," such a finding can only occur once the court reviews and decides the motion. N.J. Ct. R. 1:13-7(a). Accordingly, the mere filing of a motion to reinstate cannot reopen the state case.

Here, on October 24, 2024, Plaintiff filed a motion to reinstate the matter in state court. *Davis*, Mot. to Reinstate, at LCV20242790596. Thereafter, on December 4, 2024, the state court issued an order "carrying" the motion to reinstate. *Id.*, Case Mgmt. Conf. Ord., at LCV20243138837. The court's order stated that the motion to reinstate would be heard on January 17, 2025. *Id.* The state court did not decide the motion when it ordered the motion to be carried: it did not analyze any facts or circumstances of the case, nor was there any indication in the order that the Court found good cause, the order was simply administrative. *Id.* Thus, when the FDIC filed its removal on December 24, 2024, the state case was still closed. Opp. at 1-2.

Non-reinstated state court cases may not be removed to federal court. *See Smith*, 2007 WL 1585157, at *3. Since this case had no existing "case or controversy" at the time of removal, this Court cannot exercise subject matter jurisdiction over the case. *Id.* Removal was improper, and the matter must be remanded to state court. *Id.* The notion that courts should err on the side of remanding when faced with any doubts confirms that this case must be remanded. *See Castano*, 2022 WL 17070123, at *2.

### B. Motion to Stay

Courts lacking subject matter jurisdiction over a case cannot hear any outstanding motions, and such motions are to be "denied as moot." *Cohen v. Sanks*, No. 23-1982, 2023 WL 5985190 at *4 (D.N.J. Sept. 13, 2023) (noting that once a court finds in favor for remand for lack of subject matter jurisdiction, any pending motions must be denied as moot). Here, Defendant FDIC filed a Motion to Stay one day after prematurely removing the case to federal court. Mot. to Stay at 1. Since this Court cannot exercise subject matter jurisdiction over the case, Defendant FDIC's Motion to Stay is moot.

### V. CONCLUSION

For the reasons set forth above, this matter is **REMANDED** to the Superior Court of New Jersey–Atlantic County and Defendant FDIC's Motion to Stay, (ECF No. 5), is **DENIED AS MOOT**. An Order consistent with this Opinion will be entered.

July 9, 2025

KAREN M. WILLIAMS, U.S.D.J.